UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DESIREE HEYLIGER,**

    **Plaintiff,**

                           **CASE NO.:**

**v.**

**CITY OF GAINESVILLE,**

    **Defendant.**
    _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DESIREEE HEYLIGER ("Plaintiff" or "Heyliger"), files this Complaint against Defendant, CITY OF GAINESVILLE ("Defendant" or the "City"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, §760.10 *et seq.* ("FCRA"), 42 U.S.C. §1981 ("§1981"), via 42 U.S.C. §1983 and Title I and Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA") to redress Defendant's racial and disability discrimination and retaliation against Plaintiff and in support thereof states the following:

### PARTIES, JURISDICTION AND VENUE

1.     The Plaintiff, DESIREEE HEYLIGER, is a resident of Alachua County, Florida at all times pertinent to this matter and is African American.

2.     Defendant, CITY OF GAINESVILLE, is a municipality incorporated under Florida law, located in Alachua County, Florida and which maintains and operates its own police department, among other things.

3.     Venue is proper in this District because Defendant is located and operates in Alachua County, Florida and Plaintiff's claims accrued in said County.

1

4.	This Court has subject matter jurisdiction over the Plaintiff's claims because this action arises under federal laws, Title VII, §1981 and the ADA.  Likewise, this Court has pendent jurisdiction over Plaintiff's state claims under the FCRA.

5.	Plaintiff is employed by the Defendant's Regional Transit System as a Transit Operator, driving a bus for the City.

6.	Defendant was and is at all times relevant hereto an "employer" as defined by Title VII, the ADA and the FCRA.

7.	Plaintiff has performed all conditions precedent necessary to the maintenance of this action, including the timely filing of a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") and receipt of a Notice of Right to Sue from same with respect to said charge and the timely filing of this action.

## FACTUAL ALLEGATIONS

8.	Plaintiff Heyliger is an African-American woman who has been employed with Defendant as a Transit Operator for over twenty (20) years.

9.	Plaintiff has performed her job duties in a fully satisfactory manner during her employment with Defendant.

10.	In or about March of 2019 Plaintiff developed health problems that necessitated her seeking professional assistance, including assistance through a City sponsored program which she participated in through November of 2019.

11.	Based upon Plaintiff's concern regarding the above program's effectiveness she subsequently sought additional medical assistance on her own that necessitated her taking an approved leave with her employer.

12. Thereafter Plaintiff was informed that she would need to take a Fit for Duty physical examination because she had been out of work for more than thirty (30) days.

13. Moreover, Defendant, by and through its agents, thereafter informed Plaintiff that: 1) she would be required to take a specific type of program, although she had already completed such a program; and 2) she could not return to work until she had been symptom free for a six (6) month period.

14. In support of its contention that Plaintiff could not return to work until she had been symptom free for six (6) months, Defendant's agents improperly relied upon regulations that were not applicable to Plaintiff as a Transit Operator in Defendant's system.

15. Plaintiff apprised Defendant and its agents of this fact and the false and hollow basis of keeping her from work on a number of occasions, both verbally and in writing. Likewise, Plaintiff notified Defendant that forcing her to attend the program she had already done was a waste of time and would cause her to unnecessarily incur substantial costs.

16. Regardless, Defendant ignored Plaintiff's warnings and its own obligations to her thus causing her to live without any income for approximately seven (7) months.

17. Moreover, Plaintiff is aware of a number of non-African-American employees who had gone through similar or identical health treatment as her, even attending the same program, yet who were not mandated to wait six (6) months to see if they were symptom free before returning to work. Likewise, Plaintiff is aware of co-workers who were worse off than her based upon their testing positive for drugs while on duty yet received treatment by Defendant that was more favorable than Plaintiff.

18. Based upon the foregoing Plaintiff notified Defendant that she was being treated in a discriminatory manner based upon her race/color, as well as her disabling health condition and filed a charge of discrimination regarding same with the EEOC in or about April of 2021.

19. Instead of addressing Plaintiff's complaints of discrimination and making a good faith attempt to resolve same, Defendant allowed its agents to engage in retaliatory treatment of Plaintiff for her having engaged in such legally protected activity.

20. Defendant's discriminatory and retaliatory treatment included failing to put her in a position where she could receive compensation for working. Likewise, Defendant has improperly calculated Plaintiff's available pension that will be available to her.

21. Defendant's foregoing mistreatment of Plaintiff, in addition to mischaracterizing the nature of her health problems, have been used as a tool by Defendant to further harass, retaliate and discriminate against Plaintiff.

22. Defendant's asserted reasons for subjecting Plaintiff to such a discriminatory work environment are pretextual and constitute disparate treatment of Plaintiff motivated by her color, race and disabling health problems.

23. Defendant knew or should have known of the illegal discrimination and work environment that Plaintiff was forced to endure.

24. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal actions.

25. Plaintiff has been required to retain undersigned counsel to represent him in this matter and has agreed to pay a reasonable fee for said service.

## COUNT I
## DISCRIMINATION BASED UPON RACE/COLOR
## IN VIOLATION OF TITLE VII

26. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff belongs to a protected group (race/color).

28. Plaintiffs was subjected to unwelcome disparate treatment by Defendant based upon race and color when compared to non-African American co-workers.

29. Such discriminatory treatment unreasonably interfered with Plaintiff's work environment.

30. Defendant's discrimination of Plaintiff violated Title VII by subjecting Plaintiff to a discriminatory work environment, which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

31. Plaintiff suffered tangible job detriment by Defendant's pervasive racial discrimination.

32. Defendant is liable for all tangible job detriment suffered by Plaintiff and all racial discrimination engaged in by its supervisory personnel. Defendant is also liable for all other racial discrimination against Plaintiff because Defendant knew or should have known of the racial discrimination against Plaintiff and failed to take prompt remedial action that was reasonably calculated to prevent or end the harassment.

33. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A.   Enjoin Defendant from engaging in any employment practice violative of Title VII;

B.   Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C.   Award Plaintiff compensatory damages;

D.   Award Plaintiff front-pay and benefits;

E.	Grant Plaintiff costs and an award of reasonable attorney's fees under Title VII; and

F.	Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT II
## DISCRIMINATION BASED UPON RACE/COLOR
## IN VIOLATION OF THE FCRA

34. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

35. Plaintiff belongs to a protected group (race/color).

36. Plaintiffs was subjected to unwelcome disparate treatment by Defendant based upon race and color when compared to non-African American co-workers.

37. Such discriminatory treatment unreasonably interfered with Plaintiff's work environment.

38. Defendant's discrimination of Plaintiff violated the FCRA by subjecting Plaintiff to a discriminatory work environment, which had the purpose or effect of altering the terms and conditions of Plaintiff's employment.

39. Plaintiff suffered tangible job detriment by Defendant's pervasive racial discrimination.

40. Defendant is liable for all tangible job detriment suffered by Plaintiff and all racial discrimination engaged in by its supervisory personnel. Defendant is also liable for all other racial discrimination against Plaintiff because Defendant knew or should have known of the racial discrimination against Plaintiff and failed to take prompt remedial action that was reasonably calculated to prevent or end the harassment.

41. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of the FCRA;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff front-pay and benefits;

E. Grant Plaintiff costs and an award of reasonable attorney's fees under the FCRA; and

F. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII

42. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

43. Plaintiff was in a protected group (race/color) at all times material to this action.

44. Defendant subjected Plaintiff to a pattern of racial discrimination.

45. Plaintiff engaged in protected activity by opposing the above discrimination that Plaintiff was subjected to by Defendant.

46. Defendant retaliated against Plaintiff for his having voiced opposition to Defendant's discriminatory conduct.

47. Defendant violated Title VII by retaliating against Plaintiff for said opposition.

48. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of Title VII;

B. Declare Defendant's conduct to be in violation of Title VII and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C. Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to her at the time of trial, front pay and benefits, compensatory damages in an amount to be proved at trial, including emotional distress damages and prejudgment interest thereon;

D. Grant Plaintiff her costs (including expert fees) and an award of reasonable attorney's fees under Title VII; and

E. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT IV – RETALIATION IN VIOLATION OF THE FCRA

49. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

50. Plaintiff was in a protected group (race/color) at all times material to this action.

51. Defendant subjected Plaintiff to a pattern of racial discrimination.

52. Plaintiff engaged in protected activity by opposing the above discrimination that Plaintiff was subjected to by Defendant.

53. Defendant retaliated against Plaintiff for her having voiced opposition to Defendant's discriminatory conduct.

54. Defendant violated the FCRA by retaliating against Plaintiff for said opposition.

55. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

B. Declare Defendant's conduct to be in violation of the FCRA and order Defendant to institute policies, practices and programs which provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C. Grant a judgment requiring Defendant to pay to Plaintiff any back wages and back benefits found to be due and owing to her at the time of trial, front pay and benefits, compensatory damages in an amount to be proved at trial, including emotional distress damages and prejudgment interest thereon;

D. Grant Plaintiff her costs (including expert fees) and an award of reasonable attorney's fees under the FCRA; and

E. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT V
## VIOLATION OF 42 U.S.C. § 1983 BY ENGAGING IN RACE DISCRIMNATION IN CONTRAVENTION OF SECTION 1981

56. Plaintiff realleges Paragraphs 1 through 25 as if fully set forth herein.

57. Plaintiff was discriminated against with respect to the terms, conditions and privileges of employment by Defendant because of her race, including denying her the opportunity to work and earn income and failing to properly compensate and/or calculate accrued benefits, among other things.

58. Defendant's discriminatory conduct was taken under color of state law and in direct violation of Section 1981.

59. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal employment practices.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Enjoin Defendant from engaging in any employment practice violative of Section 1981;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay found to be due and owing at the time of trial and prejudgment interest thereon;

C. Award Plaintiff any benefits owed;

D. Award Plaintiff compensatory damages;

E. Award Plaintiff front-pay;

F. Grant Plaintiff costs and an award of reasonable attorney's fees under Section 1981; and

G. Grant Plaintiff any other relief that this Court deems just and equitable.

## COUNT VI– DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

60. Plaintiff adopts and re-alleges paragraphs 1 through 25 as if fully set forth herein.

61. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA in that Plaintiff was capable of performing all essential functions of the position she held with or without a reasonable accommodation.

62. Likewise, at all times relevant to this action, Plaintiff (a) suffered from one or more actual disabilities and/or physical impairments that substantially limited one or more major life activities.

63. Plaintiff suffered from impairments as defined by 29 C.F.R. § 1630.2(h) at all times relevant to this action.

64. Plaintiff's impairments affected one or major life activities.

65. Finally, Plaintiff was perceived by Defendant as being actually disabled and/or

substantially limited in one or more major life activities in that Plaintiff sought an accommodation from Defendant, made Defendant aware of certain health problems and/or conditions and experienced physically impairing events at the workplace.

66. Defendant was prohibited under the FCRA from discriminating against Plaintiff because of her disabilities with regard to providing her reasonable accommodations, if any, and/or not treating Plaintiff adversely because of her disabilities with regard to other terms, conditions, and privileges of employment.

67. Defendant violated the FCRA by, among other things, treating her in a disparate manner and by otherwise discriminating against her.

68. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the FCRA;

B. Declare Defendant's conduct to be in violation of the FCRA and order Defendant to institute policies, practices and programs that provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

D. Grant Plaintiff her costs (including expert fees) and an award of reasonable

attorney's fees; and

E. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT VII– DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

69. Plaintiff adopts and re-alleges paragraphs 1 through 25 as if fully set forth herein.

70. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA in that Plaintiff was capable of performing all essential functions of the position she held with or without a reasonable accommodation.

71. Likewise, at all times relevant to this action, Plaintiff (a) suffered from one or more actual disabilities and/or physical impairments that substantially limited one or more major life activities.

72. Plaintiff suffered from impairments as defined by 29 C.F.R. § 1630.2(h) at all times relevant to this action. Plaintiff's impairments affected one or major life activities.

73. Finally, Plaintiff was perceived by Defendant as being actually disabled and/or substantially limited in one or more major life activities in that Plaintiff sought an accommodation from Defendant, made Defendant aware of certain health problems and/or conditions and experienced physically impairing events at the workplace.

74. Defendant was prohibited under the ADA from discriminating against Plaintiff because of her disabilities with regard to providing her reasonable accommodations, if any, and/or not treating Plaintiff adversely because of her disabilities with regard to other terms, conditions, and privileges of employment.

75. Defendant violated the ADA by, among other things, treating her in a disparate

manner and by otherwise discriminating against her.

76. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Grant a permanent injunction enjoining Defendant from engaging in any employment practice violative of the ADA;

B. Declare Defendant's conduct to be in violation of the ADA and order Defendant to institute policies, practices and programs that provide equal employment opportunities for individuals and which eradicate the effects of its past and present unlawful practices;

C. Grant a judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial and prejudgment interest thereon;

D. Grant Plaintiff her costs (including expert fees) and an award of reasonable attorney's fees; and

E. Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

### COUNT VIII - RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE FCRA

77. Plaintiff adopts and re-alleges paragraphs 1 through 25 as if fully set forth herein.

78. Plaintiff was in a protected group (disabled) at all times material to this action.

79. Defendant subjected Plaintiff to disability discrimination and retaliated against Plaintiff for engaging in legally protected activity, including seeking to return to work,

filing a charge of discrimination and/or obtaining a reasonable accommodation(s) and otherwise seeking the protections afforded her under the FCRA.

80. Defendant retaliated against Plaintiff for her engaging in such legally protected activity in violation of the FCRA, including failing to return Plaintiff to work and/or miscalculating her accrued benefits, among other things.

81. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court:

A. Enjoin Defendant from engaging in any employment practice violative of the FCRA;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay and benefits found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff front-pay;

E. Grant Plaintiff her costs and an award of reasonable attorney's fees under the FCRA; and

F. Grant Plaintiff any other relief that this Court deems just and equitable.

### COUNT IX - RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE ADA

82. Plaintiff adopts and re-alleges paragraphs 1 through 25 as if fully set forth herein.

83. Plaintiff was in a protected group (disabled) at all times material to this action.

84. Defendant subjected Plaintiff to disability discrimination and retaliated against Plaintiff for engaging in legally protected activity, including seeking to return to work, filing a charge of discrimination and/or obtaining a reasonable accommodation(s) and

otherwise seeking the protections afforded her under the ADA.

85. Defendant retaliated against Plaintiff for her engaging in such legally protected activity in violation of the ADA, including failing to return Plaintiff to work and/or miscalculating her accrued benefits, among other things.

86. Plaintiff has been damaged by the conduct of Defendant.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court:

A. Enjoin Defendant from engaging in any employment practice violative of the ADA;

B. Grant trial by jury and a judgment requiring Defendant to pay to Plaintiff back pay and benefits found to be due and owing at the time of trial, and prejudgment interest thereon;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff front-pay;

E. Grant Plaintiff her costs and an award of reasonable attorney's fees under the ADA; and

G. Grant Plaintiff any other relief that this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated: February 15, 2022.

        Respectfully submitted,

        **TOBIN LAW GROUP, PL**

        */s/ Bradley A. Tobin*
        Bradley A. Tobin
        Florida Bar No. 0101818
        btobin@tobinlawgroup.com
        Westchase Commons
        13043 West Linebaugh Ave.
        Tampa, Florida 33626
        Tel: (813) 452-6199
        Fax (813) 830-7200
        Attorney(s) for Plaintiff.